UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

ELMORE GEORGE, III,           )
                              )
    Petitioner,               )    Civil No. 16-58-HRW
                              )
V.                            )
                              )
JODIE L. SNYDER-NORRIS,       )    **MEMORANDUM OPINION**
                              )    **AND ORDER**
    Respondent.               )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Elmore George is confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, George has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

George has not paid the $5.00 filing fee required by 28 U.S.C. § 1914 or filed a motion to waive payment of it pursuant to 28 U.S.C. § 1915. Because the filing fee is incurred when the petition is filed, the Court will direct the Bureau of Prisons ("BOP") to deduct the five dollar filing fee from funds in George's inmate account in satisfaction of that financial obligation.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules

Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In September 2008, George was indicted on numerous federal drug trafficking charges in St. Louis, Missouri. George subsequently agreed to plead guilty to a single count of conspiracy to possess with intent to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1), 846. During the May 27, 2010, sentencing hearing, George contended that his sentence was not subject to enhancement under the career offender provision in U.S.S.G. § 4B1.1(a) because his 2004 Arizona conviction for "attempted transportation of marijuana for sale" did not constitute a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.2(b). The trial court disagreed, and George was sentenced to 151 months imprisonment and three years of supervised release. The Eighth Circuit affirmed on direct appeal, concluding that George's sentence was properly enhanced under U.S.S.G. § 4B1.1(a). *United States v. George*, No. 4:08-CR-596-CEJ-2 (E.D. Mo. 2008) [D. E. No. 1, 129, 137 at pp. 26-30, 145 therein].

In 2011, George again contended that his prior Arizona conviction under Ariz. Rev. Stat. § 13-3405 was not a valid predicate offense for the career offender enhancement in his motion under 28 U.S.C. § 2255 to vacate his conviction and sentence. The trial court disagreed and denied the motion, and the Eighth Circuit

2

denied a certificate of appealability. *George v. United States*, No. 4:11-CV-1179-CEJ (E.D. Mo. 2011).

In June 2015, the Supreme Court held that the "residual clause" for the career offender enhancement found in 18 U.S.C. § 924(e)(2)(B) was void for vagueness under the Fifth Amendment. *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015). Relying upon *Johnson*, George filed a motion seeking permission to file a second or successive motion for relief under § 2255; however, the Eighth Circuit denied that motion on April 26, 2016 without elucidation. *George v. United States*, No. 16-1039 (8th Cir. 2016).

Shortly thereafter, George filed his petition in this Court, contending that his remedy under § 2255 is "inadequate and ineffective" until the Supreme Court holds that *Johnson* is retroactively applicable to cases on collateral review [D. E. No. 1 at 4], and that his Arizona conviction for attempting to transport marijuana is not a "controlled substance offense," and therefore application of the career offender enhancement was not proper [D. E. No. 1 at 5].

George's petition suffers from a number of fundamental flaws, both procedural and substantive, and must be denied. First, § 2255 provides an available mechanism for George to assert his *Johnson* claims. Though George has previously filed § 2255 motions, prisoners can file "successive" motions based on "a new rule of constitutional law, made retroactive to cases on collateral review by

3

the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Here, *Johnson* announced a new, previously unavailable rule of constitutional law. *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Most importantly, on April 18, 2016, the Supreme Court held that *Johnson* applies retroactively to cases on collateral review. *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257, 1265 (2016) ("*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review."). Because George may seek relief pursuant to *Johnson* under § 2255, that remedy is not "inadequate or ineffective" to test the legality of his detention, and his § 2241 petition must be denied. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).

However, on the merits, *Johnson* provides no basis for the relief George seeks because his sentence was not enhanced based upon the "residual clause" at issue in that case. The residual clause - whether the statutory provision found in 18 U.S.C. § 924(e)(2)(B) or its counterpart in the Sentencing Guidelines in U.S.S.G. § 4B1.2(b) - is used to determine whether a prior conviction constitutes a "crime of violence" for purposes of § 924(e)(1) or U.S.S.G. § 4B1.1(a). But as noted above and as the government pointed out in urging the Eighth Circuit to deny George's most recent request to seek relief under § 2255, George was not held to be a career offender because he had two prior convictions for "crimes of violence" within the meaning of U.S.S.G. § 4B1.2(a), but because he had two prior

4

convictions for "controlled substance offenses" within the meaning of U.S.S.G. § 4B1.2(b). *Johnson* does not address this provision, and because there is no residual clause within the definition of "controlled substance offenses," *Johnson* has no bearing whatsoever upon the validity of career offender enhancements applied due to prior drug convictions. George's petition is therefore substantively without merit, and must be denied.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall send a copy of this Order to the warden of the institution in which George is currently confined.

2. George's custodian shall send the Clerk of the Court payment of the $5.00 filing fee from funds in his inmate trust fund account once the amount in the account exceeds $10.00.

3. George's "Motion for Habeas Corpus Petition under § 2241" [D. E. No. 3] is **GRANTED** insofar as George requests consideration of the arguments contained therein; it is **DENIED** in all other respects.

4. George's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

5. The Court will enter an appropriate judgment.

6. George's motion for the appointment of counsel [D. E. No. 4] is **DENIED AS MOOT**.

7. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 6th day of June, 2016.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge